FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 SEP 19 AM 11: 25
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RYAN CASTANEIRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-051 |
| ) | |
| MS. DENTON, Johnson State Prison ) | |
| Mailroom, and OFC. CARSWELL, ) | |
| Johnson State Prison Mailroom, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned civil rights case *pro se*. However, Plaintiff failed to comply with Local Rule 4.1, since he did not submit either the appropriate filing fee or an *in forma pauperis* petition along with his complaint. See Loc. R. 4.1.1. Thus, on August 5, 2013, the Clerk of Court sent Plaintiff a notice of filing deficiency directing him to submit either the filing fee or a motion to proceed *in forma pauperis*. (Doc. no. 2.) Plaintiff was cautioned that his failure to comply could result in dismissal of his case under Loc. R. 4.1.1. (Id.) The time to respond has passed, and Plaintiff has not submitted the required documents pursuant to the Clerk of Court's August 5 Notice or Loc. R. 4.1.

Loc. R. 4.1.1 provides that failure to comply with the requirements of

submitting a complaint and either payment of the filing fee or submitting an IFP motion within twenty-one days of having been notified "may result in dismissal by the Court." The Local Rules also dictate that the Court may *sua sponte* dismiss an action "for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Additionally, the Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. at 1240 (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

Here, Plaintiff's failure to respond to the Clerk's deficiency notice or comply with the Local Rules amounts not only to a failure to prosecute, but also an abandonment of his case, and is precisely the type of neglect contemplated by Loc. R. 41.1(c). However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State. Bd. Of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is

simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to Loc. R. 4.1 and 41.1(c), that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of September, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

3